## J. M. LYON v. STATE.

No. A-1847.    Opinion Filed March 19, 1915.

(146 Pac. 1084.)

1.   **TRIAL—Instructions—Construction—Harmless Error.**  (a)  The instructions of the court upon any one point at issue in the trial of a criminal cause are to be considered in pari materia.

   (b)  When the instructions of the court covering any one point in the trial of a criminal cause are considered in pari materia, and are found to state the law as favorable or more so to the accused than the proof in the record warrants, a judgment of conviction will not be reversed on the ground that some one instruction on a particular question in the case, standing alone, is not technically correct.

2.   **APPEAL—Excessive Sentence—Modification.**  When a review of all the facts and circumstances disclosed by the record indicates that the trial court, in rendering judgment imposed an excessive sentence, this court will modify the judgment in the interest of justice.

(Syllabus by the Court.)

*Appeal from District Court, Wagoner County;*
*R. C. Allen, Judge.*

J. M. Lyon was convicted of assault with a sharp and dangerous weapon with intent to do bodily harm, and appeals. Modified and affirmed.

*Sponsler & Graves* and *W. B. Moss,* for plaintiff in error.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, J. M. Lyon, was convicted in the district court of Wagoner county at the April, 1912, term thereof, on a charge of assault with a sharp and dangerous weapon with intent to do bodily harm without justifiable or excusable cause, upon the person of D. J. Weddle, and his punishment fixed at two years' imprisonment in the state penitentiary.

The testimony on behalf of the state indicates that there had been for some time ill feeling between the plaintiff in error

and the prosecuting witness Weddle; that on the 4th day of December, 1911, they met on the public highway in Wagoner county, near where each had a mail box, and after some words relative to the taking up of stock and the assessment of damages a personal difficulty ensued. In addition to hitting the prosecuting witness with his fist, the plaintiff in error stuck a knife into his shoulder, inflicting a flesh wound more or less painful, but not serious.

The testimony of the plaintiff in error was to the effect that he struck the prosecuting witness after having been called a liar by him; that each drew his knife and they clinched; that he stabbed the prosecuting witness in self-defense. The rural mail carrier was the only other witness in addition to the prosecuting witness. Each of them contradicted these statements. The plaintiff in error was clearly the aggressor in the immediate difficulty.

The only question argued in the brief of plaintiff in error is that certain instructions on the right of self-defense are prejudicial to him. The instruction complained of is as follows:

"You are instructed that the law of self-defense is solely and emphatically a law of necessity; that it does not imply the right to attack, and could not avail the defendant if he was the aggressor, or if the difficulty was sought for by him, or was provoked by him by any willful act of his own, reasonably calculated to bring it about, or if he voluntarily or of his own free will enters into it; no matter how hard he was pressed, or how great his danger became during the progress of the difficulty, he would not be justified in assaulting the said D. J. Weddle; but if the testimony on this point raises in your minds a reasonable doubt as to whether or not the defendant, at the time of the assault, acted in good faith and upon reasonable appearances of danger of receiving great bodily harm, or death, at the hands of his assailant, and that defendant was not himself the aggressor, the jury should resolve that doubt in favor of the defendant and acquit him."

Accompanying this instruction were the following:

"The court further instructs you, gentlemen of the jury, that it is the law of the land that, if one be assaulted by another, he who is assaulted may repel force with force; if, however, one assaulted by another with his hands repels such assault

by the use of a sharp, dangerous, or deadly weapon, then, in that event, the position of the parties is reversed, and the one first assaulted becomes the aggressor; and the one so assaulted is justified in repelling such force with force, as the apparent danger to him may appear necessary to protect his life or from suffering great bodily harm, or to cause his assailant to desist."

"The court instructs you that if, at the time the defendant assaulted the said D. J. Weddle, he, the said defendant, was in danger of suffering death or great bodily harm at the hands of the said Weddle, or that, viewing his danger from his standpoint, he believed in good faith that it was necessary to assault him in order to prevent being killed, or suffering great bodily harm, then the assault would be justifiable, and you should acquit the defendant."

These instructions must be considered *in pari materia,* and not separate and apart from each other. Instruction No. 8, standing alone, would possibly be prejudicial, but, considered with instructions Nos. 6 and 7, the three together contain as favorable a statement of the law as the accused was entitled to have given to the jury.

The punishment was not fixed by the jury, but was imposed by the court. A careful review of all the facts indicates that, while the plaintiff in error was guilty of the offense charged, yet there were considerable provoking circumstances, and the prosecuting witness was not wholly without blame in the premises. We are of opinion that the judgment is more severe than the facts warrant.

The judgment is modified, and the punishment reduced from two years to one year in the penitentiary. As modified, the judgment is affirmed.

DOYLE, P. J., concurs.    FURMAN, J., absent.